UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ROBERT PIPKIN,

    Plaintiff,

v.                                                                                                     No. 1:17-cv-00378 JAP/GBW

SAN JUAN COUNTY DETENTION CENTER,
FNU HAVEL, WARDEN
FNU WEBB, ASSISTANT WARDEN,
FNU LNU, UNKNOWN EMPLOYEES, and
JUDGE JOHN DEAN,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DISMISSING PLAINTIFF's CIVIL RIGHTS COMPLAINT**

    Plaintiff Robert Pipkin filed this action after Defendants allegedly failed to protect him from attack while he was detained at the San Juan County Detention Center. *See* COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (Doc. No. 1) (Complaint). Plaintiff is proceeding *pro se* and *in forma pauperis*. *See* ORDER GRANTING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915(b) (Doc. 4). After reviewing the matter *sua sponte* under 28 U.S.C. § 1915 and Fed. R. Civ. P. 12(b)(6), the Court will dismiss the Complaint but grant leave to amend.

I.    STANDARD OF REVIEW

    The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Since Plaintiff is acting *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, if the initial pleading is defective, *pro se* plaintiffs should be given a reasonable opportunity to file an amended pleading, unless amendment would be futile. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall,* 935 F.2d at 1109.

II.   BACKGROUND[1]

Plaintiff is a pretrial detainee at the San Juan County Detention Center (SJCDC). Compl. p. 1. The confinement began on or about September 28, 2016, when the Hon. John Dean revoked Plaintiff's bail for failing to appear for trial in State Court. Compl. p. 5. Plaintiff asserts his lawyer was forced to withdraw when the district attorney threatened to subpoena the lawyer to testify that he had informed Plaintiff of the time for trial. *Id.*

Plaintiff is a sex offender and was originally housed with similar offenders. *Id.* On January 9, 2017, Plaintiff had a fight with another inmate. *Id.* He was sent to a 23-hour

---
[1] The facts as recited are taken from the Complaint.

lockdown unit and was permitted one hour per day of recreation time. *Id.* During the recreational hour, Plaintiff was placed among "a mixed classification group." *Id.* When the other inmates learned he was a sex offender, they beat him until he lost consciousness. *Id.* He spent three days in the medical unit. *Id.* SJCDC officials denied his request for outside medical treatment. Compl. P. 7. When Plaintiff was released from the medical unit, he refused his hour of recreation time because of fear for his safety. Compl. p. 6. He was eventually transferred back to the pod housing sex offenders. *Id.*

Based on these events, Plaintiff asserts claims under 42 U.S.C. § 1983 and the Eighth Amendment against SJCDC and its Warden, Assistant Warden, and various "unknown employees of" SJCDC. Compl. p. 2-3. Plaintiff also appears to assert the same constitutional claims against Judge Dean, who ordered his confinement. Compl. p. 3. He seeks between $100,000 and $1 million in damages. Compl. p. 7.

III. DISCUSSION

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Plaintiff's complaint does not meet this standard. SJCDC is not a proper defendant because "state-operated detention facilities …. are not 'persons' who have the capacity to be sued under § 1983." *Buchanan v. Okla.*, 398 F. App'x 339, 342 (10th Cir. 2010) (unpublished). It is

3

also well settled that judges have absolute judicial immunity from suits when acting in their official capacity as a judge. *See Stein v. Disciplinary Bd. of Sup. Ct. of N.M.,* 520 F.3d 1183, 1195 (10th Cir. 2008). This includes "§ 1983 claims … alleg[ing] that [the judge] caused [plaintiff] to be unlawfully confined." *Quintana v. Adair,* 673 Fed. App'x 815, 818 (10th Cir. 2016) (unpublished). Any claims against Judge John Dean are therefore barred.

Defendants Warden Havel and Assistant Warden Webb could potentially face liability, but the allegations against them are deficient. "Under § 1983, government officials are not vicariously liable for the misconduct of their subordinates," and "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation." *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotations omitted). "Instead, … the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights" *Id.* To "demonstrate an affirmative link between the supervisor and the violation," the plaintiff must satisfy "three related prongs: (1) personal involvement, (2) sufficient casual connection, and (3) culpable state of mind." *Dodd v. Richardson,* 614 F.3d 1185, 1195 (10th Cir. 2010) (internal citations omitted). The Complaint does not allege Defendants Havel or Webb were personally involved in Plaintiff's "mixed classification" placement, nor does it allege that they adopted a "plan or policy … showing [their] authorization or approval of such" decision. *Id.* at 1201 (internal quotations omitted).

Finally, Plaintiff's reference to "unknown named employees" of SJCDC is insufficient to bring any particular person into this action. Compl. p. 3. A successful § 1983 complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

4

For the foregoing reasons, the Court will dismiss the Complaint and will permit Plaintiff to file an amended complaint by December 29, 2017. The Court notes that even if Plaintiff correctly identifies the individuals who may be subject to suit, the allegations must still state a claim under § 1983. To demonstrate the failure to protect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials were deliberately indifferent to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

If Plaintiff fails to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case with prejudice and without further notice.

IT IS ORDERED that:

1. Plaintiff's COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (Doc. No. 1) is DISMISSED without prejudice in accordance with § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may granted; and

2. Plaintiff may file an amended complaint by December 29, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE