UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ROBERT PIPKIN,

    Plaintiff,

v.                                                                                                No. 1:17-cv-00378 JAP/GBW

SAN JUAN COUNTY DETENTION CENTER,
FNU HAVEL, WARDEN
FNU WEBB, ASSISTANT WARDEN,
SERGEANT RENOSO,
SERGEANT GONZALES, and
SERGEANT COCKRELL,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS CASE

Plaintiff Robert Pipkin filed this action after Defendants allegedly failed to protect him from attack while he was detained at the San Juan County Detention Center. *See* COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (Doc. No. 1) (COMPLAINT). Plaintiff is proceeding *pro se* and *in forma pauperis*. *See* ORDER GRANTING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915(b) (Doc. 4). This ruling pertains to Plaintiff's RESPONSE AND CLARIFICATION (Doc. 14) (RESPONSE), which he filed in lieu of an amended complaint. For the reasons set forth below, the Court will dismiss the action with prejudice and impose a "strike" under 28 U.S.C. § 1915(g).

The COMPLAINT alleges that Plaintiff is a sex offender and was originally housed with similar offenders. Compl. p. 5. After fighting with another inmate, he was sent to a 23-hour lockdown unit and was permitted one hour per day of recreation time. *Id.* During the recreational hour, Plaintiff was placed among "a mixed classification group." *Id.* When the other inmates

learned he was a sex offender, they attacked him. *Id.* He spent three days in the medical unit. *Id.* After his release, Plaintiff refused the hour of recreation time. Compl. p. 6. He was eventually transferred back to the pod housing sex offenders. *Id.* Based on these events, the COMPLAINT asserts claims under 42 U.S.C. § 1983 and the Eighth Amendment against, inter alia, SJCDC and its Warden, Assistant Warden, and various "unknown employees of" SJCDC. Compl. p. 2-3.

By a MEMORANDUM OPINION AND ORDER entered November 28, 2017 (Doc. 13), the Court dismissed the COMPLAINT for failing to name a person subject to liability. *See McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000) ("A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."). SJCDC is not a proper defendant because "state-operated detention facilities …. are not 'persons' who have the capacity to be sued under § 1983." *Buchanan v. Okla.*, 398 F. App'x 339, 342 (10th Cir. 2010) (unpublished). Further, there is no indication that Wardens Havel or Webb were personally involved in Plaintiff's "mixed classification" placement or otherwise adopted a "plan or policy … showing [their] authorization or approval of such" decision. *See Dodd v. Richardson,* 614 F.3d 1185, 1195 (10th Cir. 2010) (setting forth the requirements to "demonstrate an affirmative link between the supervisor and the [constitutional] violation").

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given thirty days to file an amended complaint. The MEMORANDUM OPINION AND ORDER provided guidance about what the amended complaint must allege to survive initial review. The Court warned that any amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). The Court also noted that even if Plaintiff identifies the individuals involved, the amended complaint

2

must allege that Plaintiff was "incarcerated under conditions posing a substantial risk of serious harm" and that the prison officials were deliberately indifferent to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff filed the RESPONSE on December 13, 2017. In it, he alleges:

When Plaintiff was initially placed in mixed classification placement, Sergeants Reynoso and Gonzales were on duty and made the decision to place plaintiff in mixed classification. After [the] incident, upon returning from medical wing, Sgt. Cockrell informed plaintiff that the jail is overcrowded and has no choice but to put plaintiff again in mixed classification in the segregation wing of jail. Sgt. Cockrell also stated that he can "get away with it" in segregation although it is not allowed in the protective custody wing of the jail.

Resp. p. 1. Plaintiff also alleges the mere fact of his placement demonstrates that Wardens Havel and Webb endorsed the Sergeants' actions and had a culpable state of mind.

Contrary to the Court's directive, the RESPONSE does not take the form of an amended complaint or otherwise comply with Fed. R. Civ. P. 8(a). Even if the Court were to excuse this defect, however, Plaintiff's supplemental allegations still fail to state a § 1983 claim. Plaintiff asserts Sergeants Reynoso and Gonzales are responsible for his initial mixed classification placement, but he has not alleged any facts regarding their subjective intent. For example, it is not clear whether Reynoso or Gonzales knew that Plaintiff was a sex offender, or that allowing him to spend one hour a day with non-sex offenders in a supervised recreational setting posed a substantial risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (describing the subjective component of a § 1983 claim). Further, Sergeant Cockrell did not appear to get involved until after Plaintiff was attacked. By that point, however, Plaintiff faced no risk because he was refusing any recreation time. Compl. P. 6.

Finally, "the simple fact that all three [S]ergeants placed [P]laintiff in mixed classification" does not, as Plaintiff argues, demonstrate that Wardens Havel or Webb promulgated a policy that

3

placed sex offenders at risk. Resp. p. 2. *See Dodd v. Richardson,* 614 F.3d 1185, 1195 (10th Cir. 2010) (Wardens and other supervisors can face § 1983 liability based on the "promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights"). Instead, Plaintiff's filings demonstrate that: (1) the San Juan County Detention Center has a dedicated sex offender unit; (2) Plaintiff was removed from the unit for fighting and placed in solitary confinement; and (3) Sergeants Reynoso, Gonzales, and Cockrell had "no choice" but to offer one hour of mixed classification recreation due to overcrowding. Compl. p. 5; Resp. p. 1.

The Court will dismiss the RESPONSE and this civil rights action for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b). This dismissal counts as a strike under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). *See Hafed v. Bureau of Prisons,* 635 F.3d 1172, 1176-77 (10th Cir. 2011) (holding that dismissal of an action as frivolous, malicious, or for failure to state a claim under § 1915(e)(2)(B) counts as a strike under § 1915(g)). The Court notifies Plaintiff that if he accrues three strikes under the PLRA, he may not proceed *in forma pauperis* in civil actions before the federal courts unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IT IS ORDERED that:

(1) This action is DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim on which relief may granted;

(2) JUDGMENT will be entered in favor of Defendants on all claims; and

(3) A strike is IMPOSED against Plaintiff Robert Pipkin under 28 U.S.C. § 1915(g).

_____
SENIOR UNITED STATES DISTRICT JUDGE